**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,
        Plaintiff


        v.                                          Case No. 8:05-Cr-381-T-24MAP

HENRY ORJUELA-MEDINA
        Defendant

<u>**ORDER**</u>

This matter comes before the Court on Henry Orjuela-Medina's Motion for

Modification/Reduction of Sentence Pursuant to the Fast Tract Directive. (172)

**I.  Background**

On October 27, 2005, Henry Orjuela-Medina pled guilty to conspiracy to possess with

intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the

jurisdiction of the United States. He was sentenced on January 27, 2006 to 121 months of

incarceration. He subsequently filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which

was denied by this Court.  Thereafter, he filed a successive §2255 motion, which was also

denied.

On January 31, 2011, long after Orjuela-Medina was sentenced, Deputy United States

Attorney General James M. Cole issued a memorandum announcing the expansion of the

immigration fast-track program ("Program") to all judicial districts in the United States. Mem.

from Deputy Attorney General James M. Cole to U.S. Attorneys (Jan. 31, 2012), *available at*

http://www.justice.gov/dag/fast-track-program.pdf (the "Cole Memorandum"). Fast-track

immigration programs were created in the mid-1990s in states along the United States' border

with Mexico in response to overwhelming caseloads of immigration offenses plaguing district

courts in these areas. U.S. v. Jimenez-Perez, 659 F.3d 704, 706 (8th Cir. 2011); U.S. v. Morales-

Chaires, 430 F.3d 1124, 1127 (10th Cir. 2005). The Program allows eligible defendants to

receive shortened sentences in return for forfeiting certain rights. U.S. v. Marcial-Santiago, 447

F.3d 715, 718 (9th Cir. 2006). Defendants participating in the Program must waive both the

right to appeal and to collaterally challenge their sentences, except that defendants may file a

collateral challenge related to ineffective assistance of counsel. U.S. v. Melendez-Torres, 420

F.3d 45, 52 (1st Cir. 2005); Cole Memorandum at 3-4. Additionally, those taking part in the

Program may not file certain pre-trial motions and must admit to the factual basis of the

offense(s).  U.S. Attorneys may also impose additional procedural requirements not specifically

identified in the Cole Memorandum. Cole Memorandum at 3-4. The rationale behind the

Program is:

> [A] defendant who promptly agrees to participate in such a program saves the government significant and scarce resources that can be used to prosecute other defendants, and that a defendant who receives a fast-track departure has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in the Sentencing Guidelines.

Cole Memorandum at 1.

In 2003, Congress passed legislation directing the United States Sentencing Commission

to adopt policies that allow district court judges to depart downward from the sentencing

guidelines when the Government moves to include a defendant in a fast-track program. Pub. L.

No. 108–21, 117 Stat 650 (2003). The Sentencing Commission thus enacted a guideline that

allows a sentencing court to "depart downward not more than 4 levels pursuant to an early

disposition program authorized by the Attorney General of the United States and the United

States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

## II.  DISCUSSION

On October 9, 2012, Orjuela-Medina submitted the instant petition for fast track

program and to consequently reduce his sentence. For the reasons stated herein, the motion is

**DENIED**.

First, it is not the decision of the sentencing court whether a particular defendant may

participate in the Program.  Second, policies of the Justice Department ("Department") are

neither given the weight of law, nor apply retroactively.  Third, Orjuela-Medina has not

demonstrated he would be selected to participate in the Program.  Fourth, granting  the motion

would defeat the specifically articulated purpose of the Program,

A.  The Government must move for a defendant to be included in the Program.

As a threshold matter, the plain language of the Cole Memorandum and the Sentencing

Guidelines makes clear that it is the Government's request that permits a court to grant a

downward sentencing departure for eligible defendants. Cole Memorandum at 4; U.S.S.G. §

5K3.1; see also U.S. v. Miranda-Garcia, 2006 WL 1208013, at *2 (M.D. Fla. May 4, 2006) ("[O]nly

the government can file a motion for downward departure pursuant to an early disposition

program."). Defendants cannot on their own request that a court place them in the program.

U.S. v. Alvarez-Quiroz, 2012 WL 2003501, at *2 (D. Minn. June 5, 2012) ("Defendants are not

eligible to request their sentencing Court for a fast track sentence reduction or to compel the

Government to ask for the reduction."). Therefore, Orjuela-Medina's request that this Court

include him in the Program on its own accord cannot be granted.

B.  Policies of the Department of Justice are not assigned the weight of law and do not

apply retroactively.

Applying the fast-track program retroactively would assign the policies and procedures

of the Department the weight of substantive law, and there is a distinction between rules

governing the interworking of a government department and those providing protection to

criminal defendants required by the Constitution. See Renteria v. U.S., 2012 WL 601158, at *4

(M.D. Fla. 2012) (labeling an argument that a defendant should have been given a shorter

sentence under a fast-track program as a "non-constitutional" issue). The Cole Memorandum

states that it "is not intended to, does not, and may not be relied upon to create any rights,

substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor

does it place any limitations on otherwise lawful litigative prerogatives of the Department."

Cole Memorandum at 1.

C.  Orjuela-Medina has not demonstrated that he would be selected to participate in the

Program

Assuming *arguendo* that the Department's new policy regarding fast-track immigration

cases does apply retroactively and that the Court must consider his request as a matter of law,

Orjuela-Medina has not demonstrated that the Program would benefit him. The Program

specifically gives U.S. Attorneys wide-ranging discretion to consider a variety of factors when

deciding whether to use the fast-track program for a particular defendant. These factors

include:

> (1) The defendant's prior violent felony convictions (including murder,
> kidnapping, voluntary manslaughter, forcible sex offenses, child-sex offenses,
> drug trafficking, firearms offenses, or convictions which otherwise reflect a
> history of serious violent crime); (2) The defendant's number of prior

deportations, prior convictions for illegal reentry under 8 U.S.C. § 1326, prior convictions for other immigration-related offenses, or prior participation in a fast-track program; (3) If the defendant is part of an independent federal criminal investigation, or if he or she is under any form of court or correctional supervision; or (4) With supervisory approval, circumstances at the time of the defendant's arrest or any other aggravating factors identified by the United States Attorney.

Cole Memorandum at 3. The last factor ("any other aggravating factors identified by the United States Attorneys") makes particularly clear that U.S. Attorneys enjoy sweeping discretion in deciding whether a particular defendant may participate. Orjuela-Medina cannot demonstrate that the U.S. Attorney would have elected to move the Court to include him in the Program.

Not only does the decision whether to extend the benefits of the Program to defendants lie with U.S. Attorneys, but it is unclear whether Orjuela-Medina even meets the baseline eligibility requirements. The Cole Memorandum states, "Districts prosecuting felony illegal reentry cases . . . shall implement an early disposition program." Cole Memorandum at 3. Accordingly, even if the Cole Memorandum were to be given the force of law and apply retroactively, Orjuela-Medina is unable to show that he would have been selected to participate because of the drug crimes for which he was convicted.

D.  Granting the motion would belie the goals of the Program

As explained earlier, the purpose of the Program and its recent expansion is to preserve scarce judicial resources. See H.R. Rep. No. 108–48 at 7 (explaining that a defendant who "promptly agrees to participate in such a program has saved the government significant and scarce resources.") Orjuela-Medina pled guilty, was sentenced, and then filed two post conviction relief motions challenging this Court's jurisdiction, an action specifically forfeited by those participating in the Program. Cole Memorandum at 3-4. From the perspective of

defendants, the Program is essentially a judicial give and take with eligible defendants forfeiting certain rights to enjoy the benefit of a reduced sentence. See U.S. v. Rascon-Olivas, 2012 WL 695838, at * 1 (D. Minn. Feb. 28, 2012) (explaining that "Fast-track sentencing is not a one-way street."). Orjuela-Medina  seeks to take advantage of the Program without relinquishing the rights that other participants must sacrifice. Such a result is clearly incompatible with the Government's motive in expanding the Program and the interests of justice.

Accordingly, for all of the reasons stated above, it is **ORDERED AND ADJUDGED** that Henry Orjuela-Medina's Motion for Modification/Reduction of Sentence Pursuant to the Fast Tract Directive is DENIED**.**

**DONE AND ORDERED** at Tampa, Florida, this 11th day of October, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to: All parties and counsel of record