UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY ORJUELA-MEDINA

                                                 Case No. 8:05-cr-381-T-24 MAP
                                                         8:13-cv-540-T-24 MAP

v.

                                                 Related Cases:
                                                         8:06-cv-2207-T-24 MSS
UNITED STATES OF AMERICA              8:07-cv-1840-T-24 MSS
                                                         8:13-cv-378-T-24 MAP

_____/

## **ORDER**

This cause comes before the Court on two motions: (1) Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (CV Doc. No. 1; CR Doc. No. 178), and (2) Petitioner's motion to proceed in forma pauperis regarding his § 2255 motion (CV Doc. No. 2).  However, no such in forma pauperis motion is required, as filing fees are not required to pursue relief under § 2255 in a district court.  As such, Petitioner's motion to proceed in forma pauperis is denied as moot.

Also pending is Petitioner's fourth § 2255 motion.  The instant § 2255 motion raises the same issues as were raised in Petitioner's third § 2255 motion, which this Court denied.  (CR Doc. No. 177).  For the same reasons that Petitioner's third § 2255 motion was dismissed (it was untimely, successive, and lacked merit), Petitioner's fourth § 2255 motion must be dismissed.

Accordingly, Petitioner's fourth § 2255 motion to vacate sentence (CV Doc. No. 1; CR Doc. No. 178) is **DISMISSED** as untimely and successive.  The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of February, 2013.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner